```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
          DALLAS DIVISION

FLOYD MAIBIE,                    §
                                 §
            Plaintiff,           §
                                 § Civil Action No. 3:07-CV-0858-D
VS.                              §
                                 §
UNITED STATES OF AMERICA,        §
                                 §
            Defendant.           §
```

MEMORANDUM OPINION
AND ORDER

The court must decide whether sovereign immunity deprives the court of subject matter jurisdiction over plaintiff's claim against the United States of America (the "government") for interference with his employment contract. Concluding that it does, the court dismisses this case with prejudice.

I

Since 1998 plaintiff Floyd Maibie ("Maibie") has worked for the United States Postal Service ("USPS") as an electronic technician. In 2006 he brought suit in state court alleging that his supervisor, Thomas Bowers, Jr. ("Bowers"), had interfered with Maibie's employment contract and employment relationship with USPS. The case was removed to this court, and the government was substituted as the defendant under 28 U.S.C. § 2679(d)(2).

Maibie alleges four specific instances of interference: (1) Bowers placed him "off the clock"; (2) Bowers removed him from the USPS premises; (3) Bowers threatened to suspend him for 14 days because his in-and-out card was in the wrong slot; and (4) Bowers

removed Maibie from the clock and initiated removal proceedings.[1] At all relevant times, Bowers was acting within the scope of his employment as a USPS supervisor.

The government moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), contending that the court lacks subject matter jurisdiction over Maibie's contractual interference claim, Maibie did not have an employment contract with USPS, and Maibie did not exhaust his administrative remedies before filing suit. Alternatively, the government moves for summary judgment.[2]

II

Under 28 U.S.C. § 2679(d)(1), the United States Attorney[3] determined that Bowers was acting within the scope of his employment as a USPS supervisor at the times relevant to this suit. Generally, this certification is subject to *de novo* judicial review, and the question whether the employee was acting within the

---

[1] Maibie was terminated from his position as electronic technician in 2005. He was later reinstated, and he has been paid all the back pay and benefits that he was due. Maibie does not assert a claim for wrongful termination.

[2] Because sovereign immunity has not been waived, the court need only reach the government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

[3] Section 2679(d)(1) provides that if the Attorney General certifies that the defendant employee was acting within the scope of his employment, the civil action shall be deemed an action against the United States and the United States shall be substituted as the party defendant. The Attorney General has delegated to the U.S. Attorney the authority to provide such certification. *See* 28 C.F.R. 15.4 (2008); *Dolan v. United States,* 514 F. 3d 587, 592 (6th Cir. 2008).

scope of his employment is governed by the law of the state in which the conduct at issue occurred. *Vander Zee v. Reno*, 100 F.3d 952, 1996 WL 625346, at *3 (5th Cir. Oct. 4, 1996) (unpublished table decision) (citing *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995) (en banc)). In Texas, an employee's conduct is considered to fall within the scope of his employment if his actions were (1) within the general authority given him, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which the employee was employed. *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir 2003). Although the court gives no judicial deference to the United States Attorney's findings, *Palmer v. Flaggman*, 93 F.3d 196, 198-99 (5th Cir. 1996), the plaintiff bears the burden of proving that the employee's conduct was not within the scope of his employment, *Williams v. United States,* 71 F. 3d 502, 506 (5th Cir. 1995). By failing to oppose the notice of substitution, Maibie has waived any challenge to it and has failed to carry his burden of showing that the certification was erroneous. *See Vander Zee*, 100 F.3d 952, 1996 WL 625346, at *3 ("We agree with the district court that having failed to oppose the notice of substitution [plaintiff] necessarily waived any challenge to it and failed to carry his burden of showing the certification was erroneous.").

Even if Maibie's motion to remand—filed after the court ordered the government substituted as the defendant—is deemed to

be an opposition to the scope-of-employment certification, his conclusory statements still fail to carry his burden of establishing that Bowers exceeded the scope of his employment under Texas law. *See Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 310 (D.P.R. 2001) (holding that plaintiffs failed to meet burden where "[p]laintiffs have submitted nothing other than argument"); *Schiefer v. United States*, 2007 WL 1391391, at *5-*6 (S.D. Ga. May 9, 2007) (overruling objections to certification where plaintiff offered no evidence that defendants were acting outside scope of employment).[4] Furthermore, because Maibie has not adduced evidence supporting his position on the scope-of-employment issue, an evidentiary hearing is unnecessary, and the court can resolve the scope-of-employment issue on the papers. *See Dillon v. Mississippi*, 827 F. Supp. 1258, 1264 (S.D. Miss. 1993) ("[T]here is no requirement that the court conduct an evidentiary hearing, nor that the court permit discovery prior to ruling on the scope of employment issue."); *cf. Barry v. Stevenson*, 965 F. Supp. 1220, 1223 (E.D. Wis. 1997) ("Because both sides submitted competent evidence supporting their differing positions on the scope of

---

[4]In the context of a plaintiff's challenge to the United States Attorney's scope-of-employment certification, the Fifth Circuit has adopted the same burden analysis as have the Ninth, Seventh, Eleventh, and First Circuits. *See Williams,* 71 F.3d at 506 ("[W]e adopt the placement of the burden of proof on the plaintiff to show that the defendant's conduct was not within the scope of his or her employment as applied by the Ninth, Seventh, Eleventh and First Circuits.").

employment issue, the court held an evidentiary hearing to resolve the dispute."); *Arruda v. Stanzione*, 1990 WL 17149, at *3 (D.R.I. Feb. 21, 1990) ("If there is a genuine dispute as to the facts material to the issue, an evidentiary hearing should be held to make the necessary scope of employment determination".).

III

The court need only reach the government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F. 3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.* Under Rule 12(b)(1), the district court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. *See Williamson v. Tucker*, 645 F.2d 404, 412-413

(5th Cir. 1981). When considering a facial attack,[5] the court is required to examine the sufficiency of the allegations of the complaint, assuming them to be true. *See Austin v. Hood County*, 2007 WL 631278, at *1 n.1 (N.D. Tex. Mar. 1, 2007) (Fitzwater, J.) (citing *Paterson v. Weinberger,* 644 F. 2d 521, 523 (5th Cir. 1981)). The court must deny the motion if the allegations are sufficient to allege jurisdiction. *Id.* If the allegations are insufficient to allege jurisdiction, the court must dismiss the complaint. *See id.*

B

Under the doctrine of sovereign immunity, Maibie cannot sue the government without its permission. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983). Absent such consent, any suit brought against the United States must be dismissed for lack of subject matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Waivers of sovereign immunity should be strictly construed, and all ambiguities should be resolved in favor of the sovereign. *U.S. Dep't of Energy v. Ohio,* 503 U.S. 607, 615 (1992).

The Federal Tort Claims Act ("FTCA") waives immunity for any

---

[5]When a defendant files a Rule 12(b)(1) motion without supporting evidence, the attack is considered facial. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). Here, the government submitted Maibie's deposition transcript in support of its dismissal motion, but the court may treat the challenge as facial because the government is entitled to dismissal based on the complaint alone.

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).[6] This waiver, however, is subject to a number of exceptions, including one for "any claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). The court looks to the "conduct upon which the plaintiff's claim is based" to determine whether it is barred by the exception. *See Truman,* 26 F.3d at 594. If the conduct constitutes a tortious interference with contract rights, then the government remains immune from suit, and dismissal for lack of subject matter jurisdiction is required. *See id.* at 594-95.

---

[6]The United States Attorney's unchallenged scope-of-employment certification is sufficient to deem this lawsuit as one brought against the government and to trigger the government's entitlement to sovereign immunity (subject to the provisions of the FTCA). *See Osborn v. Haley*, 549 U.S. 225, 127 S.Ct. 881, 888 (2007) ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the [FTCA]."). Even if this certification were alone insufficient for this purpose, USPS is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and it enjoys federal sovereign immunity absent a waiver because of its "significant governmental powers." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006). The Postal Reorganization Act provides that the FTCA "shall apply to tort claims arising out of activities of [USPS]." *Id.* at 384 (citing 39 U.S.C. § 409(c)). Accordingly, Maibie's claim for tortious interference with contract arising out of the activities of his USPS supervisor is governed by the FTCA.

C

Maibie alleges that Bowers "attempted to interfere with and did interfere with [his] employment contract and employment relationship with the USPS." P. 2d Am. Comp. 1.[7] Specifically, he avers that Bowers interfered by placing Maibie off the clock and removing him from the USPS premises, threatening to suspend him for 14 days because his in-and-out card was in the wrong slot, and removing him from the clock and initiating removal proceedings. These allegations clearly fall within the FTCA's enumerated exception for claims arising out of "interference with contract rights." *See* 28 U.S.C. § 2680(h); *Bosco v. U.S. Army Corps. of Eng'rs*, 611 F. Supp. 449, 453 (N.D. Tex. 1985) (Sanders, J.) (holding there is no distinction between tortious interference with business relations and tortious interference with contract rights for purposes of FTCA exceptions and that claims arising out of both are barred).

Accordingly, the court holds that the government has not waived its sovereign immunity as to Maibie's claims. Maibie's complaint is insufficient on its face to allege subject matter jurisdiction, and it must be dismissed.

---

[7]For purposes of the government's Rule 12(b)(1) motion, the court assumes that Maibie has a contract with USPS. The government contends, however, that, under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, Maibie serves by appointment, not under an employment contract.

D

Dismissal with prejudice is proper, despite the fact that sovereign immunity deprives this court of subject matter jurisdiction.

> Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the [FTCA].

*Henry v. United States,* 2006 WL 3780878, at *5 n.2 (N. D. Tex. Dec. 26, 2006) (Fitzwater, J.) (quoting *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) (citation omitted), and citing *Bloomquist v. Brady*, 894 F. Supp. 108, 116 (W.D.N.Y. 1995) ("A dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States.")).

\* \* \*

The court grants the government's July 1, 2008 Rule 12(b)(1) motion to dismiss and dismisses Maibie's complaint with prejudice by judgment filed today.

**SO ORDERED.**

October 7, 2008.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE